## In re HOROWITZ et al.

(District Court, N. D. New York. January 6, 1922.)

Bankruptcy ☞225—Copy of testimony delivered to witness, when rule is complied with.

Where, in compliance with General Order XXII (89 Fed. x, 32 C. C. A. xxv), witnesses have read over and signed testimony taken before a referee, a copy of the minutes may be delivered to them.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Nathan S. Horowitz and others, bankrupts. Application to restrain delivery of copy of minutes of a hearing held before a referee. Order to show cause vacated, on showing that testimony in possession of referee has been subscribed.

Edward L. Smith, of Utica, N. Y., for trustee.

James J. Barrett, of Utica, N. Y., for Emil A. Klein.

COOPER, District Judge. Application is made to restrain the delivery of a copy of the minutes of a hearing held before a referee in bankruptcy.

Emil A. Klein and Sol Shafer testified before a referee concerning transactions with the bankrupt. The minutes were transcribed by the stenographer, and the witnesses desired to secure a copy of the same. The trustee has brought suit against these men to set aside certain transfers of property, and seeks to restrain the delivery of a copy of the minutes of the proceedings held before the referee. The object of the restraining order, as claimed by the attorney for the trustee, is to prevent the witnesses or their attorneys from inspecting the minutes, asserting that the testimony may be changed at some subsequent time. No authority is cited by either counsel upon the subject, and apparently the question is a novel one.

Decided upon equitable grounds, there is no cause for alarm in permitting the witnesses having a copy of their testimony. Any apprehension is rendered futile by the fact that the testimony before the referee is under oath, and any perjurious statements that might later be made can well be remedied. In full justice to the witnesses, they should be given an opportunity to go over the testimony, and I fail to see any reason for refusing to permit them to have a copy thereof, after they both shall have signed their testimony as provided in General Order XXII (89 Fed. x, 32 C. C. A. xxv).

The order to show cause may be vacated upon a showing that the testimony in possession of the referee has been subscribed by each of them.